UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE CARPENTERS
PENSION TRUST FUND – DETROIT &
VICINITY,

    Plaintiffs,

v.

ESTATE OF BILLIE JO MEADOWS and
JOAN MEADOWS,

    Defendants.

Case No. 17-12822
Honorable Laurie J. Michelson

**ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [10]
AND DISMISSING PLAINTIFFS' COMPLAINT WITHOUT PREJUDICE**

In 1995, Billie Jo Meadows designated his then-wife, Joan Meadows, as the surviving-spouse beneficiary of his pension benefits. (ECF No. 1, PageID.10.) The two divorced in 2008. And in 2011, Billie Jo died. Despite the couples' split, the Trustees of the Carpenters Pension Trust Fund – Detroit & Vicinity ("Trustees") began distributing the survivor benefits to Joan upon Billie Jo's death. (ECF No. 1, PageID.4.)

After Billie Jo died, his estate and Joan got into a dispute that ended up in state court. And in 2015, a state-court jury awarded the Estate about $265,000 in damages. (ECF No. 1-8, PageID.57.)

In an apparent effort to ensure that Joan would pay that judgment, the state court entered orders in April and May 2017 requiring the Trustees to redirect Joan's survivor benefits into an IOLTA account held by the Estate's attorney. (ECF No. 1, PageID.49; ECF No. 1, PageID.52.)

The Trustees appeared at a show-cause hearing in June 2017 but failed to convince the state court that they could not comply with the order to pay into the IOLTA. (ECF No. 1-6, PageID.50.) Thus, following the hearing, the state court again entered an order requiring the Trustees to deposit Joan's benefits into the IOLTA account (the "June 2017 order"). (ECF No. 1-7, PageID.52.)

Undeterred, the Trustees filed this lawsuit against the Estate and Joan Meadows. (ECF No. 1.) As against Meadows, the Trustees say that if she waived her rights to Billie Jo's pension benefits in the divorce judgment, then she has been unjustly enriched by receiving payments since Billie Jo's death. (ECF No. 1, PageID.7.) As against the Estate, the Trustees ask the Court to declare the state court's June 2017 order preempted by the Employee Retirement Income Act (ERISA) and declare it void under ERISA's anti-alienation provision. (ECF No. 1, PageID.6–7.)

Although this Court has concerns about the Trustees' second bite at the apple, the Estate apparently has no qualms. The Trustees served the Estate on October 28, 2017. (ECF No. 5.) Yet the Estate did not file a responsive pleading in the time allotted by the Federal Rules of Civil Procedure. Indeed, the Estate has yet to take any action in this case. So the Trustees requested, and the Court Clerk entered, a default against the Estate. (ECF No. 11.)

The Trustees now ask the Court to enter a default judgment. (ECF No. 10, PageID.143.) Specifically, the Trustees ask for (1) "A declaration from this Court stating that the June [2017] Order of the Estate v. Meadows Family Court Case is preempted by ERISA," and (2) "A declaration stating that the June [2017] Order is void to the extent it directs the Trustees of the Pension Fund to make payments of Fund benefits to any account other than the one voluntarily designated by a participant." (ECF No. 10, PageID.150.)

A good case could be made for applying *Rooker-Feldman* here. The Trustees' injury is the June 2017 state court order itself—it is that order that requires the Trustees to pay into an IOLTA

2

account, which, in the Trustees' view, violates ERISA. Indeed, the Trustees want the Court to declare the order void or preempted. *See Evans v. Cordray*, 424 F. App'x 537, 539 (6th Cir. 2011) (focusing on requested relief in deciding whether *Rooker-Feldman* applies); *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006) ("If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction."). And the Trustees appeared in the litigation between the Estate and Joan and presumably made the very argument they are making to this Court. Still, they were not a party to that case and they were not privies of a party to that case. *See McCormick*, 451 F.3d at 395 (noting that the *Rooker-Feldman* "doctrine only applies to bar a federal plaintiff's claim when she was a party in the state court action" but extending doctrine to include privies of a party).

Ultimately, the Court need not decide the *Rooker-Feldman* question because the Trustees' claims against the Estate are moot. *See In re: 2016 Primary Election*, 836 F.3d 584, 587 (6th Cir. 2016) ("Federal law . . . does not dictate a sequencing of jurisdictional issues. All that matters is that courts must decide jurisdictional issues before merits issues."). As noted, in the litigation between the Estate and Joan, the state trial court ordered the Trustees to directly deposit Joan's survivor benefits into the Estate's attorney's IOLTA account. Meadows filed an appeal in that case. And on February 14, 2019, the Michigan Court of Appeals found that "the trial court's orders directing that [Joan Meadow's] pension proceeds be paid to the estate's counsel's trust account . . . violated ERISA's anti-alienation provision[.]" *See Estate of Meadows by Meadows v. Meadows*, No. 339987 LC, 2019 WL 637289, at *10 (Mich. Ct. App. Feb. 14, 2019). As such, the June 2017 order that the Trustees want this Court to declare void or preempted will be vacated once the Michigan Court of Appeals remands the case to the trial court. In other words, the Michigan Court of Appeals' holding effectively voids the order that the Trustees want this Court to void. And as

3

of now, because the June 2017 order will be vacated (absent a reversal by the Michigan Supreme Court), the issue of whether it is preempted by ERISA is also moot.

For the reasons stated, the Court DENIES the Trustees' motion to enter default judgment against the Estate and DISMISSES AS MOOT their claims against the Estate. Moreover, because the Trustees' claim against Joan Meadows arises under state law (unjust enrichment) and because the Trustees have not pled that they and Joan are citizens of different states (and the Court doubts they are), the Court DISMISSES WITHOUT PREJUDICE the Trustees' claim against Joan.[1]

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: March 19, 2019

---

[1] The Court simplified the procedural history but it is, in fact, complicated.

After Billie Jo's death in 2011, the Estate sued the Trustees and Joan Meadows in federal court; that case was dismissed for lack of subject-matter jurisdiction. *See Estate of Meadows v. Carpenters' Pension Tr. Fund-Detroit & Vicinity*, No. 11-15686, 2012 WL 706835 (E.D. Mich. Mar. 5, 2012).

So the Estate filed in state court. *See Estate of Meadows v. Carpenters' Pension Trust Fund – Detroit & Vicinity and Joan Meadows*, No. 12-006956-CZ (Mich. 3d Cir. Ct. filed May 22, 2012). But the Trustees removed that case to federal court. The federal court remanded the case for lack of subject-matter jurisdiction. *Meadows v. Meadows et al.*, No.12-13369, slip op. at 10 (E.D. Mich. Apr. 23, 2013) ("In this Court's view, the [Trustees'] counsel knew or should have known this when removing the Estate's Complaint to federal court, particularly as the removal followed the [Trustees'] success in persuading [this] Court to dismiss the identical complaint in *Meadows I* based on lack of subject matter jurisdiction."). For reasons not known to this Court, that case was later dismissed. (*See* ECF No. 1-5, PageID.47.)

Then, in 2017, the Trustees filed this case.

Meanwhile, the litigation between the Estate and Joan has been ongoing—apparently as part of the original divorce proceeding. *See Billie Jo Meadows v. Joan Meadows*, No. 07-705162-DO (Mich. 3d Cir. Ct. filed Feb. 23, 2007); *Estate of Meadows by Meadows v. Meadows*, No. 339987 LC, 2019 WL 637289 (Mich. Ct. App. Feb. 14, 2019).

4

CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, March 19, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

           s/William Barkholz
           Case Manager